BRIAN SCIACCA, ESQ.  #235045
Brian R. Sciacca
Attorney at Law
31787 5th Avenue
Laguna Beach, CA 92651
(949) 371-9788
brian@ieplaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA GARCIA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LONG BEACH UNIFIED SCHOOL DISTRICT<br><br>　　　　Defendant | Case No.:<br><br>COMPLAINT |

**JURISDICTION AND VENUE**

1.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 in that it arises under Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ("Section 504") and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134 ("Title II"). Accordingly, the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3) and 1343(a)(4).

COMPLAINT - 1

2. This Court also has jurisdiction to hear pendent state claims under the doctrine of supplemental jurisdiction set forth at 28 U.S.C. §1367.

3. Venue in this Court is proper under 20 U.S.C. §1391(b) because Defendant is located within the County of Los Angeles, which is within the jurisdiction of this judicial district and all of the events that are subject to this claim took place within the jurisdiction of this judicial district.

## PARTIES

4. Plaintiff Isabella Garcia ("Student" or "Plaintiff") is a former student of Wilson High School within the Long Beach Unified School District ("District" or "Defendant", who at all relevant times is identified as an individual with disabilities within the meaning of that term under 20 U.S.C. §1401 (3) and is an individual with exceptional needs within the meaning of that term under California Education Code §56026 and therefore was entitled to, and received, special education and related services while she was resident in the District. Student is a person who has a physical or mental impairment that substantially limits one or more major life activities within the meaning of 34 C.F.R §104.3(j). Therefore, Student is entitled to be free of discrimination based on a disability under Section 504 and Title II.

5. Defendant Long Beach Unified School District is a public school district duly organized and existing under the laws of the State of California and

COMPLAINT - 2

is located within Los Angeles County. At all times relevant herein, the District was the local educational agency responsible for providing school children full and equal access to the public education programs and activities it offers in compliance with the requirements of state and federal law, and for providing Student with a "free appropriate public education" ("FAPE") under the Individuals with Disabilities Education Improvement Act ("IDEIA"). District receives federal financial assistance.

## FACTS AND PROCEDURAL HISTORY

6. Student was an honors student whose individualized education program ("IEP") included, *inter alia,* the following accommodations:

- Test corrections for full credit will be allowed for all quizzes and tests without any grading penalty;
- Corrections will be allowed for all assignments, quizzes, and tests for 100% credit;
- Can retake all tests / redo all assignments, homework and projects without a grading penalty.

7. In January of 2018, Student had an incident with her then-current math teacher, Ronald Quintana. While alone in a classroom with Student, the teacher encouraged Student to use marijuana as a way of dealing with her chronic pain issues. The teacher further encouraged her to do so without consulting with

COMPLAINT - 3

her Parents. The teacher then positioned himself in such a way that it difficult to escape the classroom as he was between her and the door. Student felt threatened and feared for her safety during the incident. Student eventually was able to exit the classroom, however, Mr. Quintana followed her from the classroom until Student entered the girls' restroom, where she hid for several minutes fearing for her safety.

8.  Following the incident, Parents were encouraged by school administration not to pursue a formal complaint against the teacher, and Student was placed in a math class with a different teacher.

9.  Parents are unaware of any disciplinary measures enacted against the teacher.

10. Parents are informed and are of the belief that the new teacher assigned to Student, Mrs. Sharpe, is a friend of the previous teacher involved in the incident described, *supra.*

11. Upon Student's enrollment in Mrs. Sharpe's class, Parents immediately expressed concerns that Mrs. Sharpe was not properly implementing the accommodations in her IEP.

12. Prior to enrollment in Mrs. Sharpe's class, each and every one of Student's teachers since elementary school, including mathematics teachers, had all allowed Student to use her notes, textbooks, and other resources to correct her

COMPLAINT - 4

test answers for full credit, as long as she justified her answers and showed all her work. For instance, if she received 12/20 correct (60%), she could retake the 8 wrong. Then, for instance, if she had correct answers for another 6, the score was increased to 18/20 (80%).

13.   When Student corrected her tests from Mrs. Sharpe's class with the tutor assigned to her by the district, Mrs. Sharpe refused to give her credit for the corrections.

14.   In fact, Mrs. Sharpe refused to implement the accommodations as they had been previously implemented, instead insisting that Student could only "retake" tests without any assistance and only in the presence of Mrs. Sharpe or the resource specialist teacher.

15.   Additionally, Student was not given an opportunity to correct her answers on the final exam, and was issued a grade of "D," in the course, which did not account for the work she did in correcting the previous exams and allowed no period of time for her to correct her answers from the final.

16.   On or about July 3, 2018, Plaintiff, through counsel, filed a formal request under California Education Code 49060(a) to correct her student records. Specifically, Plaintiff alleged that her precalculus grade was inaccurate and issued in violation of her rights as a student with a disability.

17. On July 19, 2018, the District denied Plaintiff's request to change her grade.

18. On August 7, 2018, Plaintiff requested an appeal before the District's Board of Education regarding the denial of the request to change her grade. However, the Parties agreed to a withdrawal of that appeal until such time as the due process matter referred to, *infra,* could be completed, as Plaintiff believed the extensive fact-finding process involved in the due process hearing would provide significant factual information for the Board to consider.

19. On or about October 5, 2018, the Plaintiff filed an administrative complaint with the California Office of Administrative Hearings, Special Education Division ("OAH") against District styled *Student v. Long Beach Unified School District*, (OAH Case Number 2018100281) alleging that the District had denied a FAPE to Student during the 2017-2018 school year.  As a remedy, Student sought an order that the District properly consider the test corrections made by Student in accordance with her IEP in issuing her final mathematics grade for the second semester of the 2017-2018 school year and an order that the District allow Student to complete corrections of her final exam and requiring it to properly consider the test corrections made by Student in accordance with her IEP in issuing her final mathematics grade for the second semester of the 2017-2018 school year.

20. On March 24, 2019, Administrative Law Judge ("ALJ") Ted Mann of OAH issued a written decision in that matter that included an order for relief ("OAH Decision").

21. In a sweeping rebuke of the District and its staff, the ALJ ruled that the District "materially failed to implement the accommodations called for in the [Student's] IEPs, and thus denied Student a FAPE.

22. As remedies for the District's denial of FAPE, the ALJ ordered the District to properly consider the test corrections completed by Student in determining her final grade within 30 days of the issuance of the OAH decision and to arrange to provide her with an opportunity to complete test corrections of her final exam within 30 days of issuance of the OAH Decision. In addition, the ALJ, *sua sponte*, made the extraordinary order for the District to provide training to staff and administrators to ensure that teachers are trained in the implementation of IEP accommodations.

23. The District ignored the Order of the ALJ, and instead filed an appeal of the administrative decision in this Court within the applicable statutory timeline, which was given Case Number 19-CV-02958-DSF. The District made no attempt in this Court to stay the enforcement of the OAH order, nor did it provide any legal justification for refusing to comply with the order.

COMPLAINT - 7

24. Student contested the appeal and filed a counterclaim alleging discrimination and retaliation under Section 504 and Title II.

25. The matter was resolved at a mandatory settlement conference and a formal agreement was fully executed on November 4, 2019. As part of the agreement, the District dismissed its appeal, Student dismissed her counterclaims, and the parties agreed that Student would be permitted to pursue her appeal of the District's denial of her request to change her grade before the District's Board of Education.

26. Student believed, and continues to believe, that the District's dismissal of its appeal, which allowed the OAH order to remain in effect and become a final order, required the District's Board to act in accordance with the OAH decision when considering her grade appeal. Student was assured by the California Department of Education, that her understanding was indeed correct. Thus, Student believed the hearing before the Board of Education to be an administrative formality.

27. On November 22, 2019, in accordance with the agreement of the parties, Student requested a hearing before the District's Board of Education.

28. The District scheduled the hearing for January 22, 2020. It informed Plaintiff that she would have 15 minutes to address the board, but provided no

COMPLAINT - 8

other explanation of the procedure for the hearing, no instructions for the submission of documentation, and no other instructions.

29. At the hearing, counsel for Plaintiff argued that the District was under an obligation to comply with the duly issued order of OAH and change Student's grade as ordered. Student's parent, who is a high school principal, also addressed the Board regarding the specific failures of District staff to implement the accommodations in her IEP, as well as the educational rationale for those accommodations. Ms. Sharpe was not present for the hearing.

30. Following the hearing, counsel for the District informed Plaintiff's counsel that the Board would convene another session to address Student's appeal on February 5, 2020. The notice informed Student that Ms. Sharpe would be present, that there would be no opportunity for cross examination, and that Student would again have 15 minutes for presentation.

31. At the February 5, 2020 hearing, Ms. Sharpe provided confusing and misleading testimony that directly contradicted her testimony at the OAH hearing. As promised, Student's counsel was given no opportunity to question Ms. Sharpe. Nor was student provided any documentary evidence to support the claims by Ms. Sharpe.

32. Student argued that her grade should be changed in accordance with the order of OAH because it was issued in bad faith and evidenced teacher

COMPLAINT - 9

incompetence. Student further argued that the concepts of federal preemption, collateral estoppel, and *res judicata* prevented the Board form ignoring the legal and factual conclusions of the ALJ.

33. On April 22, 2020, the Board issued its decision in the appeal. It denied Student's request in its entirety, relying on the settlement agreement between the parties, the unfounded claim that the ALJ in the administrative action had exceeded his authority, and the misleading testimony of Ms. Sharpe.

34. On, or about, December 7, 2020, at the request of Plaintiff's counsel, Defendant provided a copy of the administrative record in the appeal before the Board. The record contains no summary or transcript of testimony before the Board and no documentary evidence supporting the testimony of Ms. Sharpe. Rather, the record provided is actually the entire administrative record in the underlying due process decision, a few correspondences between counsel, and the decision issued by the Board.

35. Based upon the records provided, the Board's decision was arbitrary and capricious, unsupported by the evidence, and a prejudicial abuse of discretion . Moreover, it was issued in direct conflict with a standing order of the California Office of Administrative Hearings and in direct violation of Plaintiff's rights as a student with a disability.

COMPLAINT - 10

36.     Plaintiff has exhausted her administrative remedies.  With respect to all claims arising after the OAH Decision, it would be futile for Plaintiffs to initiate any further administrative proceedings since these claims are continuations of previous violations that have already been adjudicated in administrative proceedings and because OAH lacks jurisdiction to enforce its own orders.  *Wyner v. Manhattan Beach Unified School District*, 223 F. 3d. 1026 (9th Cir. 2000). The District has failed and refused to comply with the OAH Decision and thus it is not reasonable to expect that District would comply with any order for further relief which may be ordered by the California Department of Education in this matter. Furthermore, Plaintiffs are not required to exhaust California's complaint review process prior to bringing suit in this Court.   *Porter v. Board of Trustees of Manhattan Beach Unified School District* 307 F. 3d. 1064 (9th Cir. 2002). 5

## FIRST CLAIM FOR RELIEF

(*For Writ of Administrative Mandate CCP Section 1094.5*)

37.     Plaintiff refers to and incorporate by reference paragraphs 1 through 36 herein.

38.     Defendant prejudicially abused its discretion in refusing to change Plaintiff's precalculus grade following Plaintiff's appeal before its Board of Education in accordance with the requirements of California Education Code Sections 49066 and 49070;

COMPLAINT - 11

## SECOND CLAIM FOR RELIEF

(*For Damages for Violations of Title II*)

39. Counterclaimants refer to and incorporate by reference paragraphs 1 through 38 herein.

40. Defendant has acted in bad faith, with gross misjudgment and deliberate indifference and has thereby intentionally discriminated and retaliated against Student based on her disability by denying her the benefits of school and subjecting her to discrimination and retaliation at school by refusing and failing to comply with the OAH Decision in violation of Title II and by abusing its discretion in refusing to change Plaintiff's precalculus grade following Plaintiff's appeal before its Board of Education in accordance with the requirements of California Education Code Sections 49066 and 49070.

## THIRD CLAIM FOR RELIEF

(*For Damages for Violation of Section 504*)

41. Counterclaimants refer to and incorporate by reference paragraphs 1 through 40 herein.

42. Defendant has acted in bad faith, with gross misjudgment and deliberate indifference and has thereby intentionally discriminated and retaliated against Student based on her disability by denying her the benefits of school and subjecting her to discrimination and retaliation at school by refusing and failing to

COMPLAINT - 12

comply with the OAH Decision in violation of Section 504 and by abusing its discretion in refusing to change Plaintiff's precalculus grade following Plaintiff's appeal before its Board of Education in accordance with the requirements of California Education Code Sections 49066 and 49070.

## FOURTH CLAIM FOR RELIEF

(*For Statutory Attorney Fees*)

43. Plaintiff refers to and incorporates by reference paragraphs 1 through 42 herein.

44. Plaintiff is entitled to statutory attorneys' fees if she prevails on the claims above.

## DAMAGES SUSTAINED AS A RESULT OF THE ABOVE REFERENCED CLAIMS

45. As a direct and proximate result of the acts and omissions alleged above, Plaintiff has suffered substantial educational and developmental losses, causing a permanent decline in her future development, which adversely impacts her future earnings and earnings potential, and which has resulted in humiliation, pain and suffering, and damage to her social development and interpersonal relations, in an amount subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays judgment as follows:

1. For a writ of mandate commanding Defendant to set aside its decision of April 22, 2020 in which it denied Plaintiff's requested relief;

2. For a declaration that the District has acted with bad faith, with gross misjudgment and deliberate indifference and thereby intentionally discriminated and retaliated against Student based on her disability in violation of Section 504 and Title II;

3. For an award of compensatory damages according to proof;

4. For an award of attorneys' fees and costs as prevailing party;

5. For costs of suit and reasonable attorney's fees incurred with regard to all claims for relief;

6. Interest on said sums at the legal rate; and

7. Such other and further relief as to the Court seems just and proper;

Dated this 21st day of April 2021.

s/Brian Sciacca

Brian Sciacca
Attorney for Plaintiff